claim property or the avails of it through the fraudulent act of another without being affected by that act, especially if he was his partner, the same as if it were his own, and the court is of the opinion that the defendants, inasmuch as they have received the fruits of the fraud, are liable to the penalties annexed to their commission. Olmsted v. Hotailing, 1 Hill, 318; Nicoll v. Glennie, 1 Maule & S. 588; Stockton v. Frey, 4 Gill, 406. Partners are liable in solido for the tort of one of their number, if that tort were committed by him as partner, and in the course of the partnership business. Locke v. Stearns, 1 Metc. (Mass.) 560; Hawkins v. Appleby, 2 Sandf. 421; National Exchange Co. v. Drew, 32 Eng. Law & Eq. 1. Recent decisions in England have adopted these principles in their widest extent, and applied them in revenue cases. Attorney General v. Riddle, 2 Cromp. & J. 493; Attorney General v. Siddon, 1 Cromp. & J. 220. Examined in any point of view, it is clear that there is no error in the record, and the judgment is affirmed, with costs.

[The judgment of this court was affirmed by the supreme court, where it was carried on writ of error. 13 Wall. (80 U. S.) 531.]

---

## Case No. 13,467.

STOCKWELL v. UNITED STATES.

[See Case No. 13,466.]

---

STOCKWELL (UNITED STATES v.). See Cases Nos. 16,405 and 16,406.

STODDARD (BUNNEL v.). See Case No. 2,135.

---

## Case No. 13,468.

STODDARD et al. v. GIBBS.

[1 Sumn. 263.] [1]

Circuit Court, D. Rhode Island. Nov. Term. 1832.

HUSBAND AND WIFE — CURTESY — REMAINDER OR REVERSIONARY INTEREST.

In Rhode Island a husband is not entitled to a life estate, as tenant by the curtesy of any remainder or reversion owned by his wife, but only of real estate, of which she has an actual seisin, and possession in fee.

[Cited in Carson v. New Bellevue Cemetery Co., 104 Pa. St. 581; Shores v. Carley, 8 Allen, 426; Todd v. Oviatt, 58 Conn. 183, 20 Atl. 441; Watkins v. Thornton, 11 Ohio St. 369.]

Trespass and ejectment [by Bela J. Stoddard and others against Enos Gibbs] for certain land in Portsmouth, in the state of Rhode Island. Plea, the general issue. At the trial in June term last, the jury found a special verdict. The substance of it was, that the plaintiffs were entitled to three fifths of a moiety of the demanded premises,

---

[1] [Reported by Charles Sumner, Esq.]

as heirs at law of their mother, Eliza Gibbs, the wife of the defendant, who died in 1820, seised (as the heir of her mother) of a moiety of the reversion of the demanded premises, which were at the time of her death in the actual possession of her father, Peleg Thurston, who was tenant by the curtesy thereof, and who died afterwards, in December, 1831. The defendant claimed a life estate on the demanded premises, as tenant by the curtesy upon the death of his wife, the mother of the plaintiffs.

Mr. Hunter, for plaintiffs.
Cranston & Hazard, for defendant.

Mr. Hunter, for plaintiffs, in opening said, that the special verdict in this case presents but a single point, and that is, whether a husband can be a tenant by the curtesy, in a case where his wife had no seisin of the estate, to which it is agreed she was entitled as reversioner. It is submitted, that at common law there cannot be a doubt, that Enos Gibbs, the defendant, cannot be a tenant by the curtesy; for that requires actual seisin by the wife. In this case Gibbs' wife never had even a seisin in law. 1 Cruise, Dig. p. 140; Id. p. 124; 1 Co. Litt. 550. The husband in right of his wife never had possession, nor was either of them entitled to the possession. On the death of Peleg Thurston, the grandfather, in 1831, the right of entry to the reversionary interest commenced. Wallingford v. Hearl, 15 Mass. 471. The seisin of the wife must be an actual seisin, that is, possession of the lands; a man shall not be tenant by the curtesy of a remainder or a reversion. 2 Bl. Comm. c. 8. See 2 Gwil. Bac. Abr. p. 223; Watkins, 36, 111. The statute of Rhode Island does not alter the common law; it only repeats and affirms it. Laws R. I. 1822, p. 227, § 8. Dane (4 Abr. p. 657) cites the most and the best of the authorities. His conclusion is, there can be no tenant by the curtesy of a right, nor of a seisin in law, nor of a reversion or a remainder in a freehold. The words of the Rhode Island and of the Massachusetts statute of March 9th, 1784, are identical. In the analogous case of dower (Laws R. I. 1822, p. 188), an actual corporeal seisin, or a right to such seisin in the husband during the coverture, is indispensable to entitle his widow to dower, and a legal seisin of a vested remainder or reversion is not sufficient for that purpose. Eldredge v. Forrestal, 7 Mass. 253. A widow is not entitled to dower in the reversion expectant on the determination of a life estate, where the husband dies before the tenant for life. Williams v. Amory, 14 Mass. 20-27. And see Cook v. Hammond [Case No. 3,159].

For the defendant it was argued, that estates by the curtesy are governed by the same law in the states of Connecticut and Rhode Island. In the former state, it has been decided and settled by the highest judicial tribunal, that "seisin in the wife is